IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 07-cv-02726-LTB-CBS

MARY FURLONG,

    Plaintiff,

v.

MAXIM HEALTHCARE SERVICES, INC.,

    Defendant.

## CONSENT PROTECTIVE ORDER

Pursuant to Fed. R. Civ. 26 (c), with the consent of the parties, and to protect the confidentiality of certain information and documents, IT IS ORDERED:

1. Confidential documents and information that the parties produce in this case shall not be used, copied, or disclosed by the parties or their representatives for any purpose other than the litigation of this case, which includes preparation for trial and trial of this action (including any appeals and retrials).

2. For purposes of this order, "document" means all documents within the scope of Rule 34 of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term. Such documents and information include, but are not limited to:

    (a) Confidential and proprietary financial documents and information, such as financial statements (audited and unaudited), income statements, loan applications or agreements, profit and loss statements, balance sheets, general journals or ledgers, accounts payable and accounts receivable reports; tax returns; IRS income transcripts, medical records,

and employment personnel records, including records of wage, salary, and bonus payments to employees.

(b) This order will apply to all documents, materials, and information, including documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties imposed by the Federal Rules of Civil Procedure.

3. A party shall mark or designate as "CONFIDENTIAL" all information and documents that are confidential or propriety and that the party, in good faith, maintains constitute confidential information (hereinafter collectively referred to as "Confidential Information"). Confidential Information shall be information that, if disclosed, would compromise the legitimate privacy interests of any party or that constitutes a trade secret or other confidential research, development, or commercial information.

4. Confidential Information shall not, without the consent of the party producing it or further order of the Court, be disclosed except that such information may be disclosed to:

(a) Attorneys who are actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

(e) the Court in this case and its employees ("court personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

(g) deponents;

(h) witnesses and potential witnesses;

(i) other persons by written agreement of the parties;

(j) the Confidential Information's author, addressee, or anyone who received the information prior to this case being filed; and,

(k) any person who is the subject of the Confidential Information.

5. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, court personnel, stenographic reporters, and the parties), the parties shall provide such person with a copy of this Order and obtain from such person a written acknowledgment stating that he or she has read this Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the word "CONFIDENTIAL," or by designating them as "CONFIDENTIAL" in correspondence from counsel of the party producing documents.

7. Documents designated as confidential, which are sought to be filed with the court, should be filed in accordance with D.C.COLO.LCivR 7.3 and copies of the papers or documents in sealed envelopes shall be filed in accordance with D.C.COLO.LCivR 10.1L.

8. Confidential Information disclosed during a deposition may be designated as

confidential and shall be subject to the provisions of this Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as confidential after transcription, provided written notice of the designation is given promptly to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order.  If such a motion is filed timely, the disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

10. Within 120 days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as confidential shall be returned to the party that designated it confidential, or the parties may elect to destroy confidential documents; provided, however, that counsel for each party may retain one copy of the confidential documents for the sole purpose of maintaining a complete file, and all such

retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.  Where the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

      11.    This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 26th day of September, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

DATED:  August 14, 2008
CONSENTED TO BY:

s/ *Peter F. Munger*       s/ *Karen Hendrick Larson*
Peter F. Munger, Esq.      1120 Lincoln Street, Suite 711
FORD & HARRISON, LLP      Denver, CO 80203
1675 Broadway, Suite 2150      Telephone: (303) 831-4404
Denver, CO 80202      E-mail: kvirginia@aol.com
Telephone: (303)592-8860      Attorney for plaintiff
E-mail:  pmunger@fordharrison.com
Attorneys for defendant